Dismissed and Memorandum Opinion filed June 25, 2009








Dismissed
and Memorandum Opinion filed June 25, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00385-CV

____________

 

MARK EDWIN BURNS, Appellant

 

V.

 

CORINNA MARQUEZ BURNS, Appellee

 



 

On Appeal from the 247th District
Court

Harris County, Texas

Trial Court Cause No.
2009-04758

 



 

M E M O R
A N D U M   O P I N I O N








This is
an attempted appeal from an order signed March 19, 2009, sustaining a contest
to appellant=s affidavit of inability to pay costs in his pending suit for divorce. 
Appellant also seeks to challenge the denial of his request to be present for
the hearing on the contest.  These orders are interlocutory and not subject to
appeal until after a final judgment is entered.  See  Aguilar v.
Texas La Fiesta Auto Sales LLC, No. 01‑08‑00653‑CV, 2009
WL 1562838, at *1 (Tex. App.CHouston [1st Dist.] Jun. 4, 2009, no pet. h.) (mem, op.)
(dismissing appeal of interlocutory order sustaining challenge to affidavit of
inability to pay costs);  Kilsby v. Mid Century Ins. Co. of Tex., No. 14‑07‑00981‑CV,
2008 WL 889428, at *1 (Tex. App.CHouston [14th Dist.] Apr. 3, 2008, no
pet.) (memo.op.) (same).

Generally,
appeals may be taken only from final judgments.  Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be
appealed only if permitted by statute.  Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  There are no statutory provisions
granting the right to appeal the interlocutory order at issue in this case.  We
may review a challenge to the denial of indigency only when it is made as part
of a pending appeal from a final judgment or other appealable order.  See Tex.
R. App. P. 20.1.

On May
21, 2009, notification was transmitted to the parties of this Court=s intention to dismiss the appeal for
want of jurisdiction unless appellant filed a response demonstrating this Court=s jurisdiction on or before June 8,
2009. 
See Tex. R. App. P. 42.3(a).  Appellant filed no response.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost.